|   |   |   |
|---|---|---|
| 1 |   |   |
| 2 |   |   |
| 3 |   |   |
| 4 |   |   |
| 5 |   |   |
| 6 |   |   |
| 7 |   |   |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DARYL M.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. 3:22-cv-05024-JRC

ORDER ON PLAINTIFF'S COMPLAINT

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13. *See also* Consent to Proceed Before a United States Magistrate Judge, Dkt. 3. This matter has been fully briefed. *See* Dkts. 11–16.

Plaintiff is a 46-year-old man with prior employment as a security guard, infantry weapons crewmember, and warehouse worker, but stopped working due to post-traumatic disorder, migraines, osteoarthritis, sciatica, sleep apnea, and foot pain. The Administrative Law

ORDER ON PLAINTIFF'S COMPLAINT - 1

1  Judge ("ALJ") found that plaintiff is not disabled because he has the residual functional capacity
2  ("RFC") to perform light work.
3      In finding plaintiff not disabled, the ALJ rejected Dr. Sylwester's medical opinion.
4  However, the ALJ's rejection was not supported by substantial evidence, therefore, the ALJ
5  erred. The ALJ's error is not harmless because the ALJ's evaluation of medical opinion evidence
6  and the RFC determination could have well differed had the improperly rejected evidence been
7  credited. Therefore, this matter is remanded for further proceedings.

**PROCEDURAL HISTORY**

9      Plaintiff protectively filed his application for disability insurance benefits ("DIB") on
10 December 14, 2017, alleging a disability onset date of June 1, 2015, pursuant to 42 U.S.C. § 423
11 (Title II) of the Social Security Act; his application was denied initially and following
12 reconsideration. *See* Administrative Record ("AR") 146–58, 161–74. Plaintiff's requested
13 hearing was held before Administrative Law Judge Joanne Dantonio ("the ALJ") on January 23,
14 2019. *See* AR 49–95. On March 29, 2019, the ALJ issued a written decision in which the ALJ
15 concluded plaintiff was not disabled pursuant to the Social Security Act. *See* AR 176–193.
16     On June 14, 2019, the Appeals Council vacated the ALJ's decision and remanded for a
17 new hearing and decision. AR 199–202. On October 31, 2019, ALJ Dantonio held a second
18 hearing and issued a decision on February 26, 2020, in which the ALJ concluded plaintiff was
19 not disabled from his alleged onset date through the date of the decision, making June 1, 2015
20 through February 26, 2020 the relevant period. *See* AR 16–46, 96–144. The ALJ also found that
21 plaintiff, in relevant part, has the residual functional capacity ("RFC") to perform light work and
22 has the capacity to occasionally crawl and climb ramps or stairs; frequently stoop, kneel, and
23 crouch, and have occasional exposure to hazards such as unprotected heights and dangerous
24

1  machinery. AR 25. The Appeals Council denied plaintiff's request for review, making the
2  written decision by the ALJ the final agency decision subject to judicial review. AR 5–10; *see* 20
3  C.F.R. § 404.981. Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's
4  February 2020 written decision on January 12, 2022. *See* Dkt. 1. Defendant filed the sealed
5  administrative record regarding this matter on March 21, 2022. *See* Dkt. 7.

## BACKGROUND

Plaintiff was born in 1975 and was 39 years old on the alleged date of disability onset of June 1, 2015. *See* AR 37. Plaintiff has at least a high school education and previously worked as security guard, infantry weapons crewmember, and warehouse worker, but stopped working due to post-traumatic disorder, migraines, osteoarthritis, sciatica, sleep apnea, and foot pain. AR 37, 74, 205.

According to the ALJ, plaintiff has at least the severe impairments of bilateral foot degenerative joint disease; bilateral foot hallux rigidus, status post bunionectomies; mild lumbar spine degenerative disc disease; insomnia; and post-traumatic stress disorder. AR 22.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) whether the ALJ properly evaluated medical opinion evidence, and (2) whether the ALJ erred at step one in finding plaintiff had engaged in substantial gainful activity since plaintiff's alleged onset date.

*See* Dkt. 11 at 1. Because the first issue is dispositive and the Court is remanding the matter for further proceedings, the Court declines to reach the second issue.

      **I.**      **Whether the ALJ Properly Evaluated Medical Opinions**

Plaintiff contends the ALJ erred in evaluating Dr. Patricia Sylwester's medical opinion. Dkt. 11, pp. 3–10.

Dr. Sylwester conducted a physical evaluation of plaintiff on February 25, 2018. AR 703–06. In a functional assessment, Dr. Sylwester opined plaintiff can stand/walk less than one hour in an eight-hour workday. AR 705. Dr. Sylwester also opined plaintiff is limited from climbing, balancing, stooping, kneeling, crouching, or crawling, and plaintiff should not work at heights, around heavy machinery, or around extremes of temperature. AR 706. The ALJ found Dr. Sylwester's opinion "partially persuasive," explaining that while her opinion specifically regarding plaintiff's standing and walking limitations was not consistent with plaintiff's ability to engage in substantial gainful activity, the rest of her opinion was "generally consistent with the medical evidence." AR 36.

For applications filed after March 27, 2017, ALJs must consider every medical opinion in the record and evaluate each opinion's persuasiveness, with the two most important factors being "supportability" and "consistency." *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022); 20 C.F.R. §§ 404.1520c(a). Supportability concerns how a medical source supports a medical opinion with relevant evidence, while consistency concerns how a medical opinion is consistent with other evidence from medical and nonmedical sources. *See id.*; 20 C.F.R. § 404.1520c(c)(1), (c)(2). Under the new regulations, "an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods*, 32 F.4th at 792.

Here, the ALJ determined plaintiff has, in pertinent part, the RFC to frequently stoop, kneel, and crouch, and have occasional exposure to unprotected heights and dangerous machinery. AR 36. But, as plaintiff points out, the ALJ made this determination without explaining why, even after finding part of Dr. Sylwester's opinion "partially persuasive," Dr. Sylwester's limitations were not incorporated. *See id*. The Court finds this was error because the ALJ was required to provide an explanation, supported by substantial evidence, as to why Dr. Sylwester's opinion was ultimately rejected. *Woods*, 32 F.4th at 792. The ALJ has failed to do so here, therefore the ALJ erred.

An error is harmless if it is not prejudicial to the claimant or is "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118–1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (quoting 28 U.S.C. §2111)).

The ALJ's error in this case was not harmless. Had the ALJ properly evaluated Dr. Sylwester's opinion regarding plaintiff's postural and environmental limitations, the ALJ may assessed plaintiff's RFC differently and affected the ALJ's ultimate determination of nondisability. Accordingly, the ALJ's harmful error requires reversal. The Court directs the ALJ to reassess Dr. Sylwester's opinion on remand.

**II.     Other Issues**

Plaintiff contends the ALJ also erred in evaluating Dr. Tarantino's medical opinion and in finding at step one that he was able to engage in substantial gainful activity since his alleged

onset date of June 1, 2015. Dkt. 11 at 6–8, 10–11. The Court has reviewed plaintiff's arguments, but declines to reach them as the Court has already determined that remand is necessary for the reasons given above.

### III. Remand for Further Proceedings

"The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987). If an ALJ makes an error and the record is uncertain and ambiguous, the court should remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Likewise, if the court concludes that additional proceedings can remedy the ALJ's errors, it should remand the case for further consideration. *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017).

The Ninth Circuit has developed a three-step analysis for determining when to remand for a direct award of benefits. Such remand is generally proper only where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Trevizo v. Berryhill*, 871 F.3d 664, 682–83 (9th Cir. 2017) (quoting *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014)). However, when an ALJ errs, the proper course is to remand for further administrative proceedings "except in rare circumstances." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014).

The Court agrees with plaintiff that a remand for further proceedings is the proper remedy. *See* Dkt. 11 at 12. The Court may remand for further proceedings "'when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of

the Social Security Act.'" *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014) (quoting *Garrison*, 759 F.3d at 1021). In this case, outstanding issues remain as to whether the ALJ properly evaluated medical opinion evidence, whether the ALJ properly determined plaintiff engaged in substantial gainful activity at step one, and how these issues will impact plaintiff's RFC determination. As these issues create "serious doubt as to whether the claimant is, in fact, disabled[,]" the Court exercises its discretion to remand this case for further proceedings. *Burrell*, 775 F.3d at 1141.

## CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further consideration consistent with this order.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 25th day of July, 2022.

J. Richard Creatura
Chief United States Magistrate Judge